UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICA DOUGLAS,

    Plaintiff,

v.

SURJIT SINGH SIDHU, and
9280-8401 QUEBEC, INC.
d/b/a BKFS LOGISTICS,

    Defendants.
_____/

Case No. 22-13109

Hon. George Caram Steeh

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 14)

This diversity case arises out of an automobile accident. Plaintiff Erica Douglas alleges that she was injured when her vehicle was hit by a truck driven by Defendant Surjit Singh Sidhu and owned by Defendant 9280-8401 Quebec, Inc. The crash occurred on the night of October 10, 2021. Plaintiff was driving on I-75 when her car stalled and she was rear-ended by Defendants' truck.

Plaintiff asserts that her vehicle was disabled and on the side of the road when the accident occurred. However, after viewing the dash camera video from the truck, she agreed that her vehicle was not on the shoulder. ECF No. 14-1 at PageID 115; ECF No. 18-1 (video). At the time of the

accident, Plaintiff was in the right-hand lane of travel, attempting to restart her car. *Id.* She brings negligence claims against Defendants under Michigan law.

Defendants seek summary judgment, which is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

Michigan's No-Fault Act generally abolished tort liability arising from auto accidents, in favor of providing benefits to accident victims without regard to fault. *See generally Shavers v. Kelley*, 402 Mich. 554, 578, 267

N.W.2d 72 (1978); *CSX Transportation, Inc. v. Benore*, 154 F. Supp.3d 541, 548 (E.D. Mich. 2015).[1] Tort liability survives under the No-Fault Act in limited circumstances. A plaintiff may bring a tort action for noneconomic damages if she suffers a "serious impairment of body function" as a result of a motor vehicle accident. M.C.L. § 500.3135(1). Plaintiff seeks to recover noneconomic damages pursuant to this provision.

At issue in this case is the following exclusion: "Damages must not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101(1) at the time the injury occurred." M.C.L. § 3135(2)(c). In other words, "individuals injured while operating a motor vehicle that is both owned by them and uninsured in violation of MCL 500.3101 are not entitled to recover damages." *Brickey v McCarver*, 323 Mich. App. 639, 648, 919 N.W.2d 412 (2018).

For the purposes of this motion, Plaintiff does not dispute that she owned the vehicle and that it was uninsured. She argues that the exclusion does not apply because she was not "operating" the vehicle at the time of the accident. *See King v. Michigan Auto. Ins. Placement Facility,* __

---

[1] Plaintiff's vehicle was uninsured, thus precluding her from recovering personal injury protection benefits. *See* M.C.L. §§ 500. 3101, 500.3113.

N.W.3d __, 2023 WL 324752, at *4 (Mich. App. Jan. 19, 2023) (exclusion applies "only if each plaintiff was injured while 'operating' a motor vehicle that was owned by them and uninsured under the no-fault act"). This argument rests entirely on the premise that Plaintiff's vehicle was disabled on the shoulder at the time of the crash. However, the dash cam video and Plaintiff's own deposition testimony contradicts this claim.[2] ECF No. 14-1 at PageID 115 ("I agree that I'm not on the shoulder.").

Moreover, it is undisputed that Plaintiff was in the driver's seat and attempting to control the vehicle, which was in the lane of travel at the time of the accident. Although the No-Fault Act does not define "operating," Michigan courts "have consistently treated the concept of 'operating' as synonymous with driving a vehicle." *King,* 2023 WL 324752, at *4 (holding that *passenger* was not "operating" vehicle at time of accident). The fact that Plaintiff's vehicle stalled is of no moment. She was in the driver's seat, on the highway, illuminating the brake lights while attempting to restart it. *See Chandler v. Cnty. of Muskegon*, 467 Mich. 315, 321-22, 652 N.W.2d 224, 228 (2002) ("In the context of a motor vehicle, the common usage of

---

[2]Plaintiff objects to the admissibility of the dash cam video, arguing that it was not disclosed during discovery. However, the video was played during Plaintiff's deposition on June 6, 2023, well before the discovery cutoff of September 29, 2023. The court discerns no undue prejudice or other basis to exclude the video.

the term 'operation' refers to the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle.").

In light of the undisputed facts, the court finds that Plaintiff was "operating" her uninsured vehicle at the time of the accident. Therefore, she is precluded from recovering noneconomic damages from Defendants pursuant to M.C.L § 500.3135(2)(c).

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED.

Dated: February 28, 2024

                                              s/George Caram Steeh
                                              HON. GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2024, by electronic and/or ordinary mail.

s/Lashawn Saulsberry
Deputy Clerk